**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
OWNER TRUSTEE OF THE ASPEN HOLDINGS    1:23-CV-485 (AMN/DJS)
TRUST, A DELAWARE STATUTORY TRUST,

                       Plaintiff,

v.

BRYANT F. BERNASH A/K/A BRYANT BERNASH,
LISA BERNASH, CAPITAL ONE BANK (USA), N.A.,

                       Defendants.

---

**APPEARANCES:**                                          **OF COUNSEL:**

**MARGOLIN, WEINREB & NIERER, LLP**          **ALAN H. WEINREB, ESQ.**
165 Eileen Way, Suite 101
Syosset, NY 11791
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On April 19, 2023, Plaintiff Wilmington Savings Fund Society, FSB, "Not In Its Individual Capacity But Solely As Owner Trustee Of The Aspen Holdings Trust, A Delaware Statutory Trust" ("Wilmington" or "Plaintiff"), commenced this diversity action under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301–1391, against Bryant F. Bernash a/k/a Bryant Bernash, Lisa Bernash, and Capital One Bank (USA), N.A. ("Capital One") (collectively "Defendants"), seeking to foreclose on a mortgage encumbering the property located at 2532 Route 67, Saratoga Springs, NY 12866 a/k/a 2532 Route 67, Charlton, NY 12866 (the

1

"Subject Property"). Dkt. No. 1. Presently before the Court is Plaintiff's motion for a default judgment of Foreclosure and Sale under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 13 (the "Motion").

For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

## II.  BACKGROUND

### A. The Parties

Wilmington is a federal savings bank that has a principal place of business in Wilmington, Delaware. Dkt. No. 1 at ¶ 2. Wilmington brings this action solely in its capacity as "[o]wner [t]rustee" of the Aspen Holdings Trust. *Id.* Wilmington alleges that it lacks "real and substantial control over the assets held within the trust." *Id.* Aspen Holdings Trust (the "Trust") is a Delaware statutory trust organized under Delaware law, and the Trust's sole beneficiary is APG Holdings, LLC (the "Beneficiary"). *Id.* at ¶ 3. Plaintiff alleges that the members of the Beneficiary are Robert Frazer, a citizen of Missouri, and James Maffuccio, a citizen of Colorado. *Id.*

Bryant F. Bernash a/k/a Bryant Bernash ("Bernash") is a resident of New York and is the borrower of the loan and mortgagor under the mortgage, and co-owner of the Subject Property. *Id.* at ¶ 4. Lisa Bernash is a resident of New York and co-owner of the Subject Property. *Id.* at ¶ 5. Capital One is a national banking institution, with an address in Virginia. *Id.* at ¶ 6. Capital One is a party to this action because it is a judgment creditor. *Id.* at ¶ 6.[1] Plaintiff alleges that "[e]ach of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage." Dkt. No. 1

---

[1] Capital One "is a judgment creditor by virtue of a Saratoga County Court judgment filed against the property and/or borrower docketed on 11/26/2018 for $3,051.25." Dkt. No. 1 at ¶ 6; Dkt. No. 1-1 at 47-48 (Ex. F, Saratoga County Court Judgment).

at ¶ 7.

### B. Plaintiff's Allegations

On May 14, 2007, a Mortgage was executed by Bernash to National City Bank in order to secure the sum of $130,000 and interest for the Subject Property. Dkt. No. 1 at ¶ 10. On that date, Bernash also executed and delivered a Promissory Note to National City Bank in the amount of $130,000. *Id.* at ¶ 11; Dkt. No. 1-1 at 10-18 (Ex. C, copy of the Note with Allonges). The Mortgage was recorded on January 11, 2008 in the Saratoga County Clerk's Office and covers the Subject Property. Dkt. No. 1 at ¶ 10; Dkt. No. 1-1 at 3-9 (Ex. B, copy of the Mortgage). On April 28, 2021, the Mortgage was assigned to Plaintiff, and recorded on May 20, 2021. Dkt. No. 1 at ¶ 12; Dkt. No. 1-1 at 19-27 (Ex. D, Assignments of Mortgage).[2] As a result of the assignment, Plaintiff is the owner and holder of the Mortgage and Note. Dkt. No. 1 at ¶ 14.

Plaintiff alleges that Bernash "failed to comply with the terms and provisions" of the Mortgage when he failed "to pay the April 20, 2016, payment and all subsequent payments, and [that] the default continues to date." *Id.* at ¶ 15. Plaintiff also alleges that on December 2, 2021, it issued a default notice ("Notice of Default"),[3] a Consumer Financial Protection Bureau Regulation F validation notice ("Validation Notice"), and a 90-day pre-foreclosure notice ("90-Day Notice")[4] to Bernash. *Id.* at ¶ 16; Dkt. No. 1-1 at 29-45 (Ex. E, Notice of Default, Validation

---

[2] The Mortgage was first assigned from PNC Bank N.A., the successor by merger to National City Bank, to Dreambuilder Investments, LLC, on April 21, 2011, and recorded on May 20, 2021. Dkt. No. 1 at ¶ 12(a).

[3] The Notice of Default advised Bernash of the possible acceleration of the loan, and that a failure to cure the arrears would allow Plaintiff to declare that the outstanding principal balance due under the Note and all accrued interest was immediately payable. Dkt. No. 1 at ¶ 16; Dkt. No. 1-1 at 29-30.

[4] RPAPL § 1304 requires that at least ninety days before commencing a foreclosure action, Plaintiff must send notice "by registered or certified mail and also by first-class mail to the last known

3

Notice, 90-Day Notice, copy of envelopes, and affidavit of mailing).  Additionally, Plaintiff alleges that it complied with registration requirements of RPAPL § 1306(1).[5]  Dkt. No. 1 at ¶ 16; Dkt. No. 1-1 at 46 (Ex. E, "Proof of Filing Statement" issued by the New York State Department of Financial Services).  Finally, Plaintiff alleges that it complied with New York State Banking Law Section Nine-X and "all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so."  *Id.* at ¶¶ 17-18.[6]

### C. The Motion

Plaintiff filed the Motion on July 31, 2023, seeking to recover "the principal sum [owed to Plaintiff] in the amount of $126,523.60, plus accrued interest as of July 13, 2023 totaling $32,411.36 plus unpaid late charges in the amount of $1,299.45 for a total sum of $160,234.41."[7]  Dkt. No. 13; Dkt. No. 13-1 at ¶ 6.  To date, Defendants have neither appeared in this action nor responded to any filing.  *See generally* Docket Sheet.

### III.   STANDARD OF REVIEW

Fed. R. Civ. P. Rule 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe,* 05-CV-7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"  *Id.* (quoting Fed. R. Civ.

---

address of the borrower, and to the residence that is the subject of the mortgage."   RPAPL § 1304(1)-(2).

[5] RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three business days of the mailing of the [section 1304 notice]."  RPAPL § 1306(1).

[6] As of April 19, 2023, the date Plaintiff commenced this action, Bernash had failed to respond to the Notice of Default and the 90-Day Notice.  Dkt. No. 1 at ¶ 19.

[7] While the Complaint requested Attorney's Fees, Dkt. No. 1 at ¶ 20(b), in its Motion, Plaintiff is not requesting "to recover attorneys' fees associated with the pursuit of this action," Dkt. No. 13-1 at ¶ 8.

P. 55(a)).[8]  "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required to present its application for entry of judgment to the court."  *Id.*  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id.* (citing Fed. R. Civ. P. 55(b)(2)).[9]

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM) (RER), 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

The decision to grant a motion for a default judgment is within "the sound discretion of the district court."  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted).  "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474 (KAM) (ST), 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024) ("*Wilmington*") (citing *Vera v.*

---

[8] *See also* Northern District of New York Local Rule ("Local Rule") 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").

[9] *See also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

*Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019)).  However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-CV-1193 (GTS) (CFH), 2020 WL 5229374, at *2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

## IV.  DISCUSSION

### A.  Subject Matter Jurisdiction

Plaintiff alleges that this Court has subject-matter jurisdiction based on diversity of citizenship.  Dkt. No. 1 at ¶ 8.  While a "plaintiff has the burden to establish jurisdiction, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists 'even in the absence of a challenge from any party.'"  *Wilmington*, 2024 WL 219092, at *2 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  A federal district court has subject matter jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  "The statute requires 'complete diversity,' which means that no plaintiff may be a citizen of the same state as any defendant."  *Wilmington*, 2024 WL 219092, at *3 (citing *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020)).

In *Wilmington*, Wilmington Savings Fund Society brought an action against a borrower to foreclose on a property in its capacity as owner trustee of the Aspen Holdings Trust ("Aspen"). *Id*.  The complaint alleged that Wilmington lacked "real and substantial control" over the trust property, Aspen is a "citizen of both Missouri and Colorado," and Aspen's "sole beneficiary" is APG Holdings, LLC.  *Id.*  The court stated that it was unable to conclude whether there was complete diversity because: (1) Wilmington did not submit its "articles of association or allege[]

6

the state that its articles of association designate [Wilmington, Delaware] as containing its main office"[10]; (2) the court could not determine whether Wilmington or Aspen was the real party in interest; and (3) if Aspen was the real party in interest, Wilmington did not provide "sufficient information about the trust for the Court to determine whether Aspen might have other 'members' aside from its 'beneficiaries.'"[11] *Id.* at \*3-4.

Here, the Court finds that Plaintiff's Complaint suffers from the same deficiencies. *See supra* § II.A. Given "the lack of information regarding Wilmington's main office, the extent of Wilmington's control over Aspen's assets, Aspen's 'members,' and the respective domiciles of APG's members," the Court is unable to determine whether the parties are completely diverse. *See Wilmington*, 2024 WL 219092, at \*4; *see also U.S. Bank Nat'l Ass'n as Tr. to Bank of Am., Nat'l Assoc. v. Casimo*, No. 1:21-CV-1372 (GTS) (DJS), 2023 WL 2624325, at \*1 (N.D.N.Y. Mar. 24, 2023) (noting that the court "question[ed] whether it possess[ed] subject matter jurisdiction"

---

[10] A national bank "is a citizen only of the state in which its main office is located—not also of the state of its principal place of business." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217 (2d Cir. 2016).

[11] "Delaware law defines a 'statutory trust' as an 'unincorporated association' created by a "governing instrument." *Wilmington*, 2024 WL 219092, at \*3 (quoting Del. Code Ann. tit. 12, § 3801(i)). An '"unincorporated association' takes the citizenship of each of its 'members.'" *Id.* (citing *Ocean Units LLC v. Ill. Union Ins. Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021)). The *Wilmington* court found that while there is "case law from this circuit that might support the position that the citizenship of a Delaware statutory trust depends on the trust's beneficiaries . . . Wilmington has not provided sufficient information about the trust for the [c]ourt to determine whether Aspen might have other 'members' aside from its 'beneficiaries.' If such non-beneficiary 'members' exist, their citizenship may affect whether the complete diversity requirement is satisfied." *Id.* (citations omitted). Moreover, if the court "were to conclude based on a review of Delaware law and Aspen's governing instrument that Aspen's sole 'member' is APG, Aspen would take the citizenship of each of APG's members." *Id.* (citing *Ocean Units*, 528 F. Supp. 3d at 101 (explaining that a limited liability company takes the citizenship of each of its members)).

when plaintiff, suing as trustee, did not establish whether plaintiff's "control over the trust assets [was] real or substantial" and did not provide the citizenship of the trust's beneficiaries).[12]

Accordingly, because Plaintiff has failed to establish that the Court has subject matter jurisdiction over this action, the Complaint is dismissed without prejudice, and Plaintiff's Motion is denied.  *See Wells Fargo Bank, N.A. v. Paul*, No. 5:16-CV-0665 (MAD) (DEP), 2017 WL 2116529, at *2 (N.D.N.Y. May 15, 2017) (on a motion for a default judgment, dismissing a complaint without prejudice when plaintiff failed to "properly allege the citizenship of a national banking association").

### B.  Liability

"To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the [RPAPL]." *Wilmington*, 2024 WL 219092, at *5 (citing *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015)).

#### 1. Common Law

In a New York mortgage foreclosure action, a lender must establish the following common law elements: "(1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt." *United States v. Lancor*, No. 5:19-CV-936 (BKS) (TWD), 2022 WL 4551694, at *1 (N.D.N.Y. Sept. 29, 2022).  "The plaintiff also must have 'standing' to foreclose, which may be established through proof that the plaintiff physically possesses the note." *Wilmington*, 2024 WL 219092, at *5 (citation omitted); *see also E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15

---

[12] The Court also notes that Plaintiff did not allege where Capital One's main office is located. *See* Dkt. No. 1 at ¶ 6 (alleging that Capital One is a "national banking institution, having an address at 4851 Cox Road, Glen Allen, VA 23060").

(2d Cir. 2015) (summary order) (under New York law, "plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note") (quotation marks and citation omitted).

Here, Plaintiff satisfied the common law elements of a mortgage foreclosure action. Plaintiff attached the Mortgage and Note to the Complaint. *See* Dkt. No. 1-1 at 3-18 (Exs. B-C, copy of the Mortgage and Note). Plaintiff also submitted an affidavit from its administrator's Vice President ("Briseno Affidavit"), stating that based on his personal knowledge and review of its business records, the loan was due for payment as of April 20, 2016. Dkt. No. 13-6 at ¶¶ 1, 3, 5. Additionally, Plaintiff alleges that Bernash failed to cure the default despite Plaintiff's demands. Dkt. No. 1 at ¶¶ 16, 19; Dkt. No. 1-1 at 29-45 (Ex. E).

Plaintiff also alleged standing to bring this action. Plaintiff alleges that at the time it filed the Complaint, it was the assignee of the Mortgage and Note, and Plaintiff provided copies of the Note and Mortgage and the relevant assignments. *See* Dkt. No. 1 at ¶ 12; Dkt. No. 1-1 at 3-27 (Exs. B, C, and D). Additionally, the Briseno Affidavit states that "Wilmington is the owner and holder of the Mortgage and Note." Dkt. No. 13-6 at ¶ 4.

### 2. Statutory Requirements

Article 13 of the RPAPL also requires that a plaintiff make an "affirmative allegation" that it has "complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder." RPAPL § 1302(1)(b). Article 13 of the RPAPL also generally requires a plaintiff in a residential mortgage foreclosure action to "(1) serve a notice on the defendant along with the summons and complaint," RPAPL § 1303; (2) "serve an additional notice at least ninety days before commencing the foreclosure action," RPAPL § 1304; (3) "file certain information with the Superintendent of the New York State Department of

Financial Services within three business days of mailing the notice required by [RPAPL § 1304]," RPAPL § 1306; (4) "include special information in the summons," RPAPL § 1320, and (5) "file a notice of pendency of the action along with a copy of the complaint in the clerk's office of the county where the subject property is located," RPAPL § 1331; New York Civil Practice Law and Rules ("CPLR") § 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency."). *Wilmington*, 2024 WL 219092, at \*6; *see also U.S. Bank Tr., N.A. v. Valade*, No. 17-CV-0173 (GTS/CFH), 2020 WL 6196150, at \*6 (N.D.N.Y. Oct. 22, 2020) (listing the same requirements).

Courts in this district have denied a motion for a default judgment in a mortgage foreclosure action when a plaintiff failed to satisfy the requirements of Article 13 of the RPAPL. *See, e.g., United States v. Scott,* No. 1:19-CV-01621 (BKS) (DJS), 2021 WL 4942076, at \*2 (N.D.N.Y. Oct. 22, 2021); *W. Coast Servicing, Inc.*, 2020 WL 5229374, at \*4. Here, the Court finds that Plaintiff has failed to meet the requirements of RPAPL Article 13 and CPLR § 6511(a), for several reasons.

First, Plaintiff has failed to comply with RPAPL § 1302(1)(b). Plaintiff alleges that it has "complied with all the provisions of Section 595a . . . of the Banking Law and RPAPL Section 1304," *see* Dkt. No. 1 at ¶ 17, but does not reference the "rules and regulations promulgated thereunder." *See Wilmington*, 2024 WL 219092, at \*5 (finding an identical allegation in Wilmington's complaint in that case failed to comply with RPAPL § 1302(1)(b)).

Second, Plaintiff has failed to comply with the notice of pendency requirement pursuant to RPAPL § 1331 and CPLR § 6511(a).[13] Plaintiff's declaration provides that "[t]he Notice of

---

[13] "The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing." *Ditech Fin. LLC v. Sterly*, No. 5:15-CV-1455 (MAD) (TWD), 2016 WL 7429439, at \*4 (N.D.N.Y. Dec. 23, 2016); *see also Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 711 (W.D.N.Y. 2018) ("Because a notice of pendency is one of the few provisional remedies that

10

Pendency of this action was filed in the Saratoga County Clerk's Office," but does not state whether Plaintiff included a copy of the Complaint with that filing. Dkt. No. 13-1 at ¶ 4. *See W. Coast Servicing, Inc.*, 2020 WL 5229374, at *4 (finding that plaintiff did not meet the requirements for a default judgment when plaintiff did not show "that it either served its [c]omplaint along with the notice of pendency or that it previously filed its [c]omplaint at the Ulster County Clerk's Office); *Ditech Fin. LLC*, 2016 WL 7429439, at *4-5 (finding that plaintiff did not comply with RPAPL § 1331 when it failed to file a complaint with its notice of pendency). Additionally, Plaintiff did not attach the notice of pendency to its Motion. *See generally* Dkt. No. 13; *see also Wilmington*, 2024 WL 219092, at *6 (finding that plaintiff's "failure to submit proof that it has filed a notice of pendency and a copy of its amended complaint with the Suffolk County Clerk" was a basis to deny the motion for a default judgment).

Accordingly, the Court finds that these deficiencies provide an additional basis to deny the Motion.[14]

---

permits a party to restrain the alienation of real property without any prior judicial review, it has been described as a powerful tool to a plaintiff and an extraordinary privilege.") (quotation marks and citation omitted).

[14] The Court also notes that while Plaintiff attached to the Complaint the 90-Day Notice sent to Bernash as required by RPAPL § 1304(1)-(2), *see* Dkt. No. 1-1 at 38-45, Plaintiff did not provide the 90-Day Notice to Defendant Lisa Bernash. It is unclear from the record whether Lisa Bernash is also a "mortgagor/borrower." *Compare* Dkt. No. 1 at ¶ 5 (alleging that Lisa Bernash is "an owner of the Subject Property") *with* Dkt. No. 1-3 at 21 (Ex. D of the Complaint lists both "Bryant Bernash and Lisa Bernash" as "mortgagor/borrower."). If Lisa Bernash is also a "mortgagor/borrower," Plaintiff should send her a separate 90-Day Notice. *See Wells Fargo Bank, N.A. v. Yapkowitz,* 199 A.D.3d 126, 132 (2d Dep't 2021) (noting that RPAPL § 1304 requires a 90-Day Notice be sent to each borrower, in a separate envelope, regardless of whether the borrowers are married and live at the same address).

### C. Relief

Even if the Court were to find that it has jurisdiction and Plaintiff has established liability, there is insufficient information for the Court to determine damages to a reasonable certainty. *See Wilmington*, 2024 WL 219092, at *7. "In New York, an action to foreclose on a mortgage is subject to a six-year statute of limitations." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78–79 (2d Cir. 2021) (citing CPLR § 213(4)). If the mortgage is "payable in installments, 'separate causes of action accrue[] for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due.'" *Id.* (quoting *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982 (2d Dep't 2012). However, if the "mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." *Id.* (quotation marks and citation omitted). "If the mortgage and note make acceleration an option, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision . . . the borrower must be provided with notice of the holder's decision to exercise the option to accelerate the maturity of a loan and such notice must be clear and unequivocal." *Miss Jones LLC v. Shahid*, No. 17-CV-716 (AMD) (LB), 2022 WL 4642716, at *3 (E.D.N.Y. Sept. 30, 2022) (quotation marks and citation omitted).

Plaintiff's Complaint alleges that Bernash failed "to pay the April 20, 2016, payment [on the mortgage] and all subsequent payments." Dkt. No. 1 at ¶ 15. Plaintiff brought this action on April 19, 2023, more than six years after the first alleged missed payment. *See* Dkt. No. 1. The Complaint further alleges that on December 2, 2021, the Notice of Default was sent to Bernash "advising of possible acceleration of the loan." Dkt. No. 1 at ¶ 16; Dkt. No. 1-1 at 30 (Notice of Default stating that "[f]ailure to correct the default by January 1, 2022 may result in acceleration of your loan").

Plaintiff has not provided any information or exhibits as to whether it accelerated the loan. *Wilmington*, 2024 WL 219092, at *7 (finding that the court could not assess the extent of plaintiff's damages, in part, because plaintiff did not address whether it "ever accelerated the debt, and if so, the effect of the acceleration on the statute of limitations"). Additionally, Plaintiff's warning that it may accelerate the loan if Bernash failed to cure its default, *see* Dkt. No. 1-1 at 30, is insufficient to establish that Plaintiff accelerated the debt, triggering the statute of limitations. *See Miss Jones LLC*, 2022 WL 4642716, at *4 (noting that "New York courts consistently hold that an acceleration must be 'clear' and 'unequivocal' to take effect," and finding that a notice advising a noteholder of an intent to accelerate a loan was insufficient to trigger the statute of limitations) (citations omitted); *JPMorgan Chase Bank, N.A. v. Garcete*, 203 A.D.3d 1149, 1149-51 (2d Dep't 2022) (finding an "Acceleration Warning (Notice of Intent to Foreclose) . . . which stated that the loan was in default and if the defendant failed to cure the default within 30 days, the plaintiff intend[ed] to accelerate the maturity of the Loan," was insufficient to establish that the loan had been accelerated) (quotation marks omitted)).[15]

---

[15] The Court also notes that while Plaintiff's proposed judgment of Foreclosure and Sale Order designates Kimberly F. Wallace, Esq., as a referee to effectuate the sale of the property, *see* Dkt. No. 13-3 at 2, Plaintiff has not provided a description of her qualifications. *See, e.g., Nationstar Mortg. LLC v. Dolan*, No. 1:16-CV-1360 (GTS) (CFH), 2018 WL 3323526, at *6 (N.D.N.Y. July 6, 2018) (requesting Plaintiff provide a brief description of the requested referee); *see also U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Christian,* No. 19-CV-427 (CBA) (RML), 2020 WL 3918566, at *6 n. 2 (E.D.N.Y. Feb. 25, 2020) (declining to recommend the appointment of the proposed referee because plaintiff did not provide a description of the referee's qualifications), *report and recommendation adopted*, 2020 WL 3893015; *United States v. Carroll*, No. 19-CV-1709 (JLS) (LGF), 2023 WL 3260128, at *8 (W.D.N.Y. Mar. 29, 2023) (same), *report and recommendation adopted*, 2023 WL 3254937.

In light of the above deficiencies, the Court denies Plaintiff's Motion without prejudice and grants Plaintiff leave to file an amended complaint within thirty days of this Memorandum Decision and Order. *See Wilmington*, 2024 WL 219092, at *7 (granting leave to file an amended complaint in light of the jurisdictional and "other defects" in plaintiff's filings); *see also U.S. Bank Tr., N.A. v. Monroe,* No. 1:15-CV-1480 (LEK) (DJS), 2017 WL 923326, at *4 (N.D.N.Y. Mar. 8, 2017) (dismissing complaint without prejudice and denying plaintiff's motion for a default judgment when plaintiff did not establish diversity jurisdiction through the allegations in its complaint or through documents submitted to the court); *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross,* 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (same).

Plaintiff is also advised that this Memorandum Decision and Order should not be construed as an exhaustive list of the deficiencies in Plaintiff's filings. *See Wilmington*, 2024 WL 219092, at *7 (citing *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5474 (ENV), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015)).

V.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file its amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>March 26, 2024</u>
       Albany, New York

*/s/ Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge