UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN HOLDINGS TRUST, A DELAWARE STATUTORY TRUST, | 23-CV-485 (AMN/DJS) |
| Plaintiff, | |
| v. | |
| BRYANT F. BERNASH A/K/A BRYANT BERNASH, LISA BERNASH, CAPITAL ONE BANK (USA), N.A., | |
| Defendants. | |

---

**APPEARANCES:**    **OF COUNSEL:**

**MARGOLIN, WEINREB & NIERER, LLP**    **ALAN H. WEINREB, ESQ.**
165 Eileen Way, Suite 101
Syosset, NY 11791
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On April 19, 2023, Plaintiff Wilmington Savings Fund Society, FSB, "Not In Its Individual Capacity But Solely As Owner Trustee Of The Aspen Holdings Trust, A Delaware Statutory Trust" ("Wilmington" or "Plaintiff" or "Trustee"), commenced this diversity action under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301-1391, against Bryant F. Bernash a/k/a Bryant Bernash, Lisa Bernash, and Capital One Bank (USA), N.A. ("Capital One") (collectively "Defendants"), seeking to foreclose on a mortgage encumbering the property located at 2532 Route 67, Saratoga Springs, NY 12866 a/k/a 2532 Route 67, Charlton,

1

NY 12866 (the "Subject Property"). *See* Dkt. No. 1.  On July 31, 2023, Plaintiff filed a motion for default judgment of foreclosure and sale under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), *see* Dkt. No. 13, which this Court denied without prejudice on March 26, 2024, *see* Dkt. No. 15.  On April 25, 2024, Plaintiff amended its complaint with leave of the Court.  *See* Dkt. No. 16 (the "Amended Complaint").  To date, Defendants have neither appeared in this action nor responded to any filing.  *See generally* Docket Sheet.

Presently before the Court is Plaintiff's second motion for a default judgment of foreclosure and sale.  *See* Dkt. No. 22 (the "Motion").  For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

## II.   BACKGROUND

For a full recitation of the factual background, the Court refers the Parties to its previous Memorandum-Decision and Order on Plaintiff's initial motion for default judgment.  *See* Dkt. No. 15 at 2-4.[1]

### A. Plaintiff's Original Motion for Default Judgment and the Court's March 26, 2024 Order

Plaintiff's original motion for default judgment was denied without prejudice based on Plaintiff's failure to sufficiently establish: (1) subject matter jurisdiction; (2) statutory liability pursuant to RPAPL §§ 1302(1)(b), 1331 and CPLR § 6511(a); and (3) damages.  *See* Dkt. No. 15 at 6-13.  Those deficiencies aside, the Court also noted that Plaintiff adequately satisfied the common law elements of a mortgage foreclosure action and had standing to bring this action.  *See id.* at 9.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

**B. Plaintiff's Amended Complaint and Second Motion for Default Judgment**

On April 25, 2024, Plaintiff filed the Amended Complaint, which noted: (1) Plaintiff, as Trustee, is not a real party in interest because it does not have real and substantial control over the assets held within the Aspen Holdings Trust (the "Trust"); (2) the Trust is the real party in interest; (3) APG Holdings, LLC is the depositor of the Trust assets and the Trust's sole beneficiary; and (4) the members of APG Holdings, LLC are Robert Fraser, a United States citizen domiciled in Missouri, and James Maffuccio, a United States Citizen domiciled in Colorado. *See* Dkt. No. 16 at 2. Plaintiff also alleged in the Amended Complaint that it complied with the provisions of Section 595a of the Banking Law "and any rules or regulations promulgated thereunder." *Id.* at 5. The Amended Complaint additionally annexed and incorporated by reference additional exhibits that were not included in Plaintiff's original complaint, including:

  i. A copy of the Trust Agreement between Plaintiff and Aspen Properties Group, LLC (Exhibit G);
  ii. A copy of the Certificate of Trust of Aspen Holdings Trust filed on April 16, 2020 (Exhibit H); and
  iii. A copy of the Beneficiary's Operating Agreement made and entered into on December 21, 2017, by and among the members of APG Holdings, LLC (Exhibit I).

On June 14, 2024, Plaintiff requested an entry of default and submitted a supporting affirmation. *See* Dkt. No. 20. On June 17, 2024, the Clerk entered default against Defendants. *See* Dkt. No. 21. On July 24, 2024, the instant Motion was filed, including a memorandum of law, supporting declaration, and various exhibits. *See* Dkt. No. 22. Plaintiff's Memorandum of Law in support of the Motion is nearly identical to the original filed alongside the first motion for default judgment, except for Plaintiff's request for damages, which takes into consideration further interest that has accrued. *Compare* Dkt. No. 13-2 *with* Dkt. No. 22-2. Also, unlike the original motion's supporting declaration, the second Motion's supporting declaration annexes a Notice of Pendency as an exhibit and notes that Defendant Lisa Bernash is not a borrower to the loan being foreclosed,

3

but is a named Defendant based on her status as an owner of the Subject Property. *See* Dkt. No. 22-1 at 1 n.1 & Ex. A at 145-148.

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. Rule 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe,* 05-CV-7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quoting Fed. R. Civ. P. 55(a)).[2] "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).[3]

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

---

[2] *See also* Northern District of New York Local Rule ("Local Rule") 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").

[3] *See also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

The decision to grant a motion for a default judgment is within "the sound discretion of the district court." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted). "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474, 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024) (citing *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019)). However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-CV-1193 (GTS/CFH), 2020 WL 5229374, at *2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

IV.   DISCUSSION

   A.  Subject Matter Jurisdiction

The Court previously held that Plaintiff failed to satisfy its burden to establish subject matter jurisdiction because the Court was unable to determine whether the Parties were completely diverse. See Dkt. No. 15 at 7 (citing *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr.*, 2024 WL 219092 at *4; *U.S. Bank Nat'l Ass'n as Tr. to Bank of Am., Nat'l Assoc. v. Casimo*, No. 1:21-CV-1372 (GTS/DJS), 2023 WL 2624325, at *1 (N.D.N.Y. Mar. 24, 2023)). In particular, the Court found that "[g]iven the lack of information regarding Wilmington's main office, the extent of Wilmington's control over Aspen's assets, Aspen's 'members,' and the respective domiciles of [Aspen's beneficiary's] members," Plaintiff had failed to adequately plead diversity of citizenship and the Court could not find that it had subject matter jurisdiction over the

5

action. *Id*. (quotation omitted). Now, with the Amended Complaint and corresponding exhibits, the Court finds that these prior deficiencies have been cured.

First, the Amended Complaint asserts that Plaintiff is not a real party in interest in this action because it lacks real and substantial control over the Trust assets. *See* Dkt. No. 16 at 2. This allegation is supported by the Trust Agreement attached to the Amended Complaint, which makes clear that Plaintiff "shall have no duty to monitor, or supervise the performance, and shall not be personally liable for the default or misconduct of the Administrator, the Custodian, any Servicer, the Depositor or any other Person hereunder or otherwise and [Plaintiff] shall have no duty or obligation or personal liability to perform the obligations of the Trust that are required to be performed by or have been delegated or assigned to the Administrator, the Custodian, the Servicer or any other Person." Dkt. No. 16, Exhibit G §§ 4.02, 5.01(g); *see also id.* §§ 2.01 (noting Plaintiff can only manage Trust assets "in the name and on behalf of the Trust"), 5.03 (noting various disclaimers applicable to Plaintiff). Accordingly, Plaintiff's citizenship does not matter for purposes of analyzing diversity jurisdiction. *See Wilmington*, 712 F. Supp. 3d at 331 (citing *U.S. Bank Nat'l Ass'n v. Desrosiers*, No. 17-cv-7338, 2021 WL 5630899, at *4 (E.D.N.Y. Dec. 1, 2021)); *see also Wells Fargo Bank N.A. as Trustee for the Registered Holders of JPMorgan Chase Comm. Mortg. Secs. Corp. v. LLHC Realty, LLC*, 2018 WL 11449790, at *2 (W.D.N.Y. June 25, 2018) (noting a trustee's citizenship matters only when it is found to be a real party in interest) (citations omitted).

Next, as Plaintiff alleges and as the Trust Agreement outlines, the Trust itself "is the real party in interest." Dkt. No. 16 at 2; *see also id.*, Exhibit G at § 2.01(d) (vesting the Trust with the power and authority "to acquire, hold, manage, lease, improve, repair, enforce and sell the Trust Assets."). Thus, the Trust's citizenship is relevant to the diversity inquiry. As the Court noted in

its previous Order, for purposes of analyzing diversity, the Trust takes the citizenship of each of its "members" because a statutory trust is considered an "unincorporated association" in Delaware. *See* Dkt. No. 15 at 7 n.11 (noting "the citizenship of a Delaware statutory trust depends on the trust's beneficiaries") (citations omitted).  Here, Plaintiff alleges, and the Trust Agreement notes, that APG Holdings LLC is the Trust's sole beneficiary through its role as the Trust's depositor. *See* Dkt. No. 16, Exhibit G at § 3.01 (noting that Trust Certificate will represent 100% of the beneficial interests of the Trust fund and will be registered in the name of APG Holdings, LLC); *see also id.* at § 5.12(b) ("the Depositor has full power and authority to contribute or sell and assign the property to be contributed, sold and assigned to and deposited with the Trust").  The Operating Agreement annexed to the Amended Complaint outlines that APG Holdings, LLC is comprised of two members: (1) Robert Fraser, whose address is listed as being in Kansas City, Missouri; and (2) James Maffucio, whose address is listed as being in Monument, Colorado.  *See id.*, Exhibit I at §§ 4.3, 6.1, Ex. A.  Considering these addresses, along with Plaintiff's contentions in the Amended Complaint that Fraser and Maffucio are "domiciled" in Missouri and Colorado respectively, the Court finds the Trust to be a "citizen" of Missouri and Colorado for purposes of analyzing diversity jurisdiction. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile") (citations omitted); *Cohen v. Switch Fund Invest. Club, LP*, No. 5:19-CV-274 (TJM/TWD), 2020 WL 374618, at *2 (N.D.N.Y. Jan. 23, 2020) ("As pled, the Amended Complaint alleges that Defendants' domicile is in Virginia, which would, coupled with the amount in controversy exceeding $75,000, establish diversity jurisdiction.").

As Defendants are alleged to be citizens of either New York or Virginia, *see* Dkt. No. 16 at ¶¶ 5-7, the Court is satisfied that it has subject matter jurisdiction over this action through

complete diversity pursuant to 28 U.S.C. 1332. *See also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (noting complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants.").

### B. Statutory Liability

In its previous Order, the Court additionally found that Plaintiff failed to meet certain requirements of RPAPL Article 13 and CPLR § 6511(a) because: (1) the original complaint did not reference "the rules and regulations" of Section 595a of the Banking Law and RPAPL Section 1304, in violation of RPAPL § 1302(1)(b)); (2) the original complaint did not make clear whether Defendant Lisa Bernash was entitled to receive a separate 90-Day notice, as required by RPAPL § 1304(1)-(2); and (3) Plaintiff did not comply with the notice of pendency requirement pursuant to RPAPL § 1331 and CPLR § 6511(a). While the first two statutory deficiencies appear to have been remedied, Plaintiff has again failed to satisfy the notice of pendency requirement pursuant to RPAPL § 1331 and CPLR § 6511(a).

First, with regard to Plaintiff's previous failure to comply with RPAPL § 1302(1)(b), the Amended Complaint specifically adds the allegation that Plaintiff "has complied with all the provisions of Section 595a **of the Banking Law and any rules and regulations promulgated thereunder** and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so." Dkt. No. 16 at ¶ 18 (emphasis added). Thus, that prior deficiency has been remedied. *C.f. Edward Brown v. Jose Amarante, et al.*, No. 23-CV-3514, 2024 WL 4716364, at *10 (S.D.N.Y. Nov. 8, 2024) (citing *Wilmington Savings Fund Society, FSB as Trustee of Aspen Holdings Trust v. Bernash*, No. 23-CV-485 (AMN), 2024 WL 1285431, at *5 (N.D.N.Y. March 26, 2024)).

Second, pertaining to whether Defendant Lisa Bernash was required to receive a separate 90-Day notice, the declaration annexed to the Amended Complaint specifically notes that Ms. Bernash "is not a borrower to the Loan being foreclosed." Dkt. No. 22-1 at 1 n.1. Accordingly, she was not entitled to receive a 90-Day notice and Plaintiff has therefore complied with the statutory requirements outlined in RPAPL § 1304(1)-(2). *See Wells Fargo Bank N.A. v. Yapkowitz*, 199 A.D.3d 126, 132 (2d Dep't 2021).

Finally, Plaintiff's declaration in support of the Motion specifically mentions that "[t]he Notice of Pendency in this action was filed in the Saratoga County Clerk's Office," and, unlike the original complaint's declaration, annexes the Notice of Pendency itself as an exhibit. *See* Dkt. No. 22-1 at ¶ 4, Ex. A. However, Plaintiff has still failed to show whether a copy of the complaint was filed alongside the Notice of Pendency. *See id.* The Notice of Pendency similarly does not mention whether the complaint was filed alongside it. *See id.*, Ex. A at 145-148. As the Court noted in its previous Order, such failure requires denial of the Motion. *See* Dkt. No. 15 at 11-12 (citing cases). Until Plaintiff can establish that it has complied with all of the relevant statutory requirements, it will not be granted default judgment.

**C. Relief**

The Court also held in its previous Order that Plaintiff did not provide sufficient information for the Court to determine damages to a reasonable certainty, primarily because Plaintiff had not provided any information or exhibits as to whether it accelerated the loan. *See* Dkt. No. 15 at 12-13 (citing cases holding that notice of acceleration is insufficient). Yet again, Plaintiff has failed to do so. The Amended Complaint does not allege anything different from the original complaint with regard to damages or whether Plaintiff ever accelerated the loan, nor do any of the supporting papers submitted with the Amended Complaint or Motion. *See generally*,

Dkt. Nos. 16, 22. Indeed, with respect to damages, the Motion papers appear to be carbon copies of the ones previously filed, with the exception of Plaintiff tacking on additional interest to their damages request. Until Plaintiff can provide the Court with sufficient information concerning whether it accelerated the loan, it will not be granted default judgment.

Finally, instead of providing the Court with a description of the qualifications for Plaintiff's previously proposed referee, *see* Dkt. No. 15 at 13 n.15, Plaintiff's new proposed judgment of foreclosure and sale order simply removes the name entirely and replaces it with a blank space, *see* Dkt. No. 22-3 at 2. If Plaintiff no longer wishes for the Court to appoint Kimberly F. Wallace, Esq. as referee to effectuate the sale of the Subject Property, it is directed to propose the names of at least three referees to the Court, along with a brief description of their qualifications. *See, e.g.*, *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Christian*, No. 19-CV-427, 2020 WL 3918566, at *6 (E.D.N.Y. Feb. 25, 2020); *358 & 360 Atlantic Ave. Holdings, LLC v. 358 Atlantic Realty LLC*, No. 21-CV-168, 2023 WL 2969297, at *8 (E.D.N.Y. Mar. 1, 2023), *report and recommendation adopted*, No. 21-CV-168, ECF No. 47 (E.D.N.Y. May 30, 2023). Otherwise, the Court will *sua sponte* appoint the United States Marshal for the Northern District of New York as the referee in the event the issuance of a judgment of foreclosure and sale becomes appropriate. *See, e.g.*, *United States v. Ferri*, No. 19-CV-6921, 2023 WL 2165182, at *7 (W.D.N.Y. Feb. 22, 2023).

### V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 22, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 16, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff is granted leave to file a second amended complaint within **fourteen (14) days** of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file its second amended complaint within **fourteen (14) days** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff will not be provided additional leave to file an amended complaint should the second amended complaint fail to remedy the deficiencies now twice outlined by the Court, and any further motion for default judgment that fails to remedy the same deficiencies will be denied with prejudice; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 20, 2024
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

11