UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF THE    1:23-cv-00485 (AMN/DJS)
ASPEN HOLDINGS TRUST, A DELAWARE
STATUTORY TRUST,

                  Plaintiff,

v.

BRYANT F. BERNASH A/K/A BRYANT
BERNASH, LISA BERNASH, CAPITAL ONE
BANK (USA), N.A.,

                  Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

**MARGOLIN, WEINREB & NIERER, LLP**      **ALAN H. WEINREB, ESQ.**
575 Underhill Blvd. – Suite 224
Syosset, New York 11791
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On April 19, 2023, Plaintiff Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Solely As Owner Trustee Of The Aspen Holdings Trust, A Delaware Statutory Trust commenced this diversity action under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301-1391, against Bryant F. Bernash a/k/a Bryant Bernash, Lisa Bernash, and Capital One Bank (USA), N.A. (collectively "Defendants"), seeking to foreclose on a mortgage encumbering the property located at 2532 Route 67, Saratoga Springs, NY 12866

a/k/a 2532 Route 67, Charlton, NY 12866 (the "Subject Property").  Dkt. No. 1.  On July 31, 2023, Plaintiff filed a motion for default judgment of foreclosure and sale under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), *see* Dkt. No. 13, which this Court denied without prejudice on March 26, 2024.  Dkt. No. 15.  On April 25, 2024, Plaintiff amended its complaint with leave of the Court, *see* Dkt. No. 16, and filed a second motion for default judgment of foreclosure and sale under Fed. R. Civ. P. 55(b).  Dkt. No. 22.  This Court denied Plaintiff's second motion for default judgment of foreclosure and sale without prejudice on November 20, 2024, *see* Dkt. No. 23, and on December 4, 2024, Plaintiff amended its complaint a second time with leave of the Court.  *See* Dkt. No. 24.  To date, Defendants have neither appeared in this action nor responded to any filing.  *See generally* Docket Sheet.

Presently before the Court is Plaintiff's third motion for a default judgment of foreclosure and sale.  *See* Dkt. No. 35 (the "Motion").  For the reasons set forth below, Plaintiff's Motion is granted.

## II. BACKGROUND

For a full recitation of the factual background, the Court refers the Parties to its Memorandum-Decision and Order on Plaintiff's initial motion for default judgment.  *See* Dkt. No. 15 at 2-4.[1]

### A. Plaintiff's Original Motion for Default Judgment and the Court's March 26, 2024 Order

Plaintiff's original motion for default judgment was denied without prejudice based on Plaintiff's failure to sufficiently establish: (1) subject matter jurisdiction; (2) statutory liability pursuant to RPAPL §§ 1302(1)(b), 1304(1)-(2), 1331 and New York Civil Practice Law and Rules

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

("CPLR") § 6511(a); and (3) damages. *See* Dkt. No. 15 at 6-13. Those deficiencies aside, the Court also noted that Plaintiff adequately satisfied the common law elements of a mortgage foreclosure action and had standing to bring this action. *See id.* at 9.

### B. Plaintiff's Second Motion for Default Judgment and the Court's November 20, 2024 Order

Plaintiff's second motion for default judgment was denied without prejudice based on Plaintiff's failure to sufficiently establish: (1) statutory liability pursuant to RPAPL § 1331 and CPLR § 6511(a); and (2) damages. *See* Dkt. No. 23 at 8-10. Furthermore, Plaintiff removed the name of its previously proposed Referee, Kimberly F. Wallace, Esq., and replaced it with a blank space. *Id.* at 10. Those deficiencies aside, the Court noted that Plaintiff adequately established subject matter jurisdiction and statutory liability pursuant to RPAPL § 1302(1)(b) and § 1304(1)-(2). *See id.* at 5-9.

### C. Plaintiff's Second Amended Complaint and Third Motion for Default Judgment

On December 4, 2024, Plaintiff filed a Second Amended Complaint, which alleged that Plaintiff complied with the notice of pendency requirement pursuant to RPAPL § 1331 and CPLR § 6511(a) by filing the notice of pendency simultaneously with the Summons and Complaint in the Saratoga County Clerk's Office. *See* Dkt. No. 24 ¶ 22. Plaintiff further alleged that it elected to accelerate the loan by filing the original Complaint on April 19, 2023, which served as notice to Defendant that the principal balance and accrued interest were due. *See id.* ¶ 23 (citing *Albertina Realty Co. v. Rosbro Realty Corp.*, 258 N.Y. 472 (1932) and *Freedom Mortg. Corp. v. Engel*, 37 N.Y.3d 1 (2021)). Additionally, Plaintiff's Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale ("Declaration"), annexed to the Motion, proposed to appoint Kimberly F. Wallace, Esq. as Referee, whom Plaintiff previously proposed, *see* Dkt. No. 13-3 at 2, and included a description of her qualifications. *See* Dkt. No. 35-1 ¶ 14. Lastly, the Second

3

Amended Complaint includes a copy of the Notice of Pendency as filed to the Saratoga County Clerk along with a letter to the Saratoga County Clerk confirming the submission of the Notice of Pendency. *See* Dkt. No. 24-1 at 130-34.

On January 3, 2025, Plaintiff requested an entry of default and submitted a supporting affirmation. *See* Dkt. No. 28. That same day, the Clerk entered default against Defendants. *See* Dkt. No. 29. On May 16, 2025, the instant Motion was filed, including a memorandum of law, supporting declaration, and various exhibits. *See* Dkt. No. 35. The Motion's supporting declaration now annexes copies of the Borrower Statement of Account and the Loan Reinstatement Calculation as exhibits, which detail the calculation of amounts due under the loan. *See* Dkt. No. 35-4. Also, unlike the prior motions, the instant Motion annexes a copy of the Saratoga County Clerk's index record confirming the filing of the Notice of Pendency with the Summons and Complaint, along with copies of the Notice of Pendency, Summons, and Complaint as filed to the Saratoga County Clerk. *See* Dkt. No. 35-6.

### III.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The first step is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* (quoting Fed. R. Civ. P. 55(a)); *see also* N.D.N.Y. L.R. 55.1 (setting forth affidavit requirements). Entry of a default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the

4

plaintiff." *Mickalis*, 645 F.3d at 128.  The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011). Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled[.]" *Mickalis*, 645 F.3d at 128.  A default judgment "ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances[.]" *Id.*; *see also* N.D.N.Y. L.R. 55.2 (setting forth requirements for requesting a default judgment).

"Before entering a default judgment, the court 'must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law.'" *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (alteration in original) (quoting *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020)).  Additionally, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted).  When evaluating a request for a default judgment, a "district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)).

5

While a court may enter a default judgment if the requisite standard is satisfied, the Second Circuit has cautioned that default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Because we have 'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . we have characterized a district court's discretion in proceeding under Rule 55 as 'circumscribed.'" *Mickalis*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; then quoting *Enron*, 10 F.3d at 95; and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)).

## IV.   DISCUSSION[2]

### A. Statutory Liability

In its prior Order, the Court found that Plaintiff had failed to satisfy the notice of pendency requirement pursuant to RPAPL § 1331 and CPLR § 6511(a) because Plaintiff had not made clear whether a copy of the Complaint was filed alongside the Notice of Pendency. *See* Dkt. No. 23 at 8-9. RPAPL § 1331 requires that a plaintiff file "a notice of pendency . . . in the clerk's office of [the] county where the mortgaged property is situated at least twenty days before a final judgment directing a sale is rendered, along with a copy of the complaint unless the complaint has already been filed in that county." *See U.S. Bank Trust, N.A. v. Valade*, No. 17-cv-173, 2020 WL 6196150, at *6 (N.D.N.Y. Oct. 22, 2020) (citing *inter alia* RPAPL § 1331 and CPLR § 6511).

Here, the declaration annexed to the Motion states that the original Complaint was filed on April 19, 2023, and the Notice of Pendency was filed the following day, on April 20, 2023, in the Saratoga County Clerk's Office, together with a copy of the Summons and Complaint. Dkt. No.

---

[2] For the avoidance of doubt, the Court previously ruled that Plaintiff had established subject matter jurisdiction through complete diversity pursuant to 28 U.S.C. § 1332. *See* Dkt. No. 23 at 5-8.

35-1 ¶ 4.  Plaintiff also annexed a copy of the Saratoga County Clerk's Index Record to the Motion—which evidences the filing of the Notice of Pendency with the Summons and Complaint—together with copies of the filed Notice of Pendency, Summons, and Complaint.  *See* Dkt. No. 35-6.

Plaintiff contends that it was not required to file a new notice of pendency alongside its Second Amended Complaint because the Second Amended Complaint did not amend the description of the Subject Property or expand the relief sought.  *See* Dkt. No. 35-1 ¶ 4.  The Court agrees.  "[T]he original complaint sufficed to support a notice of pendency."  *U.S. v. Rivieccio*, 661 F. Supp. 281, 298 (E.D.N.Y. 1987) (noting that where the claim in the original complaint is identical to the corresponding claim in the amended complaint, the original complaint suffices to support a lis pendens); *see also U.S. through Farmers Home Admin., U.S. Dep't of Agric. v. Opportunities for Chenango, Inc.*, No. 18-cv-1230, 2020 WL 1025191, at *4 (N.D.N.Y. Mar. 3, 2020) (denying motion for default judgment and instructing plaintiff to refile its motion either with proof that it filed its original complaint with the existing notice of pendency, or file a new notice of pendency with a copy of an amended complaint).  For these reasons, the Court finds that Plaintiff has successfully satisfied the notice of pendency requirement pursuant to RPAPL § 1331 and CPLR § 6511(a).  Accordingly, Plaintiff now complies with all relevant statutory requirements to establish liability.

**B.  Relief**

The Court also held in its prior Order that Plaintiff had not provided sufficient information for the Court to determine damages to a reasonable certainty, because Plaintiff had not provided any information or exhibits as to whether it accelerated the loan.  *See* Dkt. No. 23 at 9-10.  Courts have held that "[i]f the mortgage and note make acceleration an option, some affirmative action

must be taken evidencing the holder's election to take advantage of the accelerating provision . . . the borrower must be provided with notice of the holder's decision to exercise the option to accelerate the maturity of a loan and such notice must be clear and unequivocal." *Miss Jones LLC v. Shahid*, No. 17-cv-716, 2022 WL 4642716, at *3 (E.D.N.Y. Sept. 30, 2022) (internal quotation marks and citation omitted).

Here, the Second Amended Complaint finally states that Plaintiff accelerated the loan upon the filing of the original Complaint on April 19, 2023. *See* Dkt. No. 24 ¶ 23. Plaintiff specifically states that the commencement of the foreclosure action and demand for the full balance of the loan constituted an unequivocal election to accelerate the loan, and that the filing of the original Complaint "served as notice to the Defendant that the entire principal balance and all accrued interest under the Note and Mortgage were immediately due and payable." *Id.* Accordingly, Plaintiff has successfully remedied its previous deficiency, i.e., it has provided the Court with sufficient information to determine damages to a reasonable certainty.

Accordingly, the Court finds that Plaintiff now complies with all relevant requirements to establish relief.

### C. Appointment of Referee

Plaintiff once again designates Kimberly F. Wallace, Esq. as Referee to effectuate the foreclosure sale, and includes a brief description of Ms. Wallace's experience and qualifications. *See* Dkt. No. 35-1 ¶ 14; *see also Nationstar Mortg. LLC v. Dolan*, No. 16-cv-1360, 2018 WL 3323526, at *6 (N.D.N.Y. July 6, 2018) (requesting Plaintiff provide a brief description of the requested referee). According to Plaintiff's declaration, Ms. Wallace is a partner at Wallace Turner Law in Glens Falls, New York and has over twenty years of experience handling real estate, title,

8

and foreclosure matters. Dkt. No. 35-1 ¶ 14. She is also admitted to practice law in New York and has served as a referee in numerous state and federal foreclosure actions. *Id.*

Plaintiff also requests that the Referee be paid $750 to conduct the sale. *See* Dkt. No. 35-8 at 3. The Court finds $750 to be an appropriate fee pursuant to CPLR § 8003(b). *See OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 46 (N.D.N.Y. 2015) (ordering $750 payment to referee for conducting the sale); *Freedom Mortg. Corp. v. Redman*, No. 22-cv-875, 2023 WL 6283066, at *2 (N.D.N.Y. Sept. 25, 2023) (same).

Accordingly, the Court appoints Kimberly F. Wallace, Esq. as Referee, who shall be paid a fee of $750 from the proceeds of the sale of property.

### D. Damages

"On an inquest for damages following a default, plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, 2013 WL 1668206, at * 6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). To establish damages with reasonable certainty, district courts cannot rely entirely on a plaintiff's statement as to the amount of damages without additional corroborating evidence. *Id.*; *see also House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010). In foreclosure actions, the note and mortgage, as the governing instruments, determine any default damages. *OneWest Bank*, 310 F.R.D. at 45 (citing *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, *6 (E.D.N.Y. Sept. 23, 2011)). Pursuant to the terms of the note, Plaintiff has the right to recover the unpaid principal and accrued interest in the event of default. *See* Dkt.

9

No. 24-1 at 13.  The mortgage provides language permitting similar recovery in the event of a default.  *See id.* at 7.

Here, Plaintiff has submitted sufficient documentation to support its request for damages. Plaintiff seeks a total of $188,940.87 for the unpaid principal balance, accrued interest, and late fees.  *See* Dkt. No. 35-7 at 9.  In addition to providing copies of the note, mortgage, and default notice, Plaintiff submitted an affidavit from its administrator, Aspen Properties Group, LLC, in addition to business records prepared by Plaintiff's loan servicer, FCI Lender Services, Inc.  *See* Dkt. No. 35-4 at 2-17.  These records set forth the applicable interest rate schedule, document Defendant's monthly payment history, and summarize the outstanding principal balance, accrued interest, and late charges through April 10, 2025.  *Id.*  These records show that $126,523.60 of the principal balance remains unpaid, $61,187.82 interest has accrued as of May 10, 2025, and $1,299.45 in late charges also remain unpaid.  *See id.* ¶¶ 7-11.

For these reasons, the Court finds that the affidavit and supporting documentation sufficiently substantiate Plaintiff's request for damages as to the unpaid mortgage principal, unpaid interest, and other fees and costs.[3]  *See, e.g.*, *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111, 2015 WL 790036, at * 6 (E.D.N.Y. Feb. 24, 2015) (finding that affidavits affirming the outstanding principal, together with a payment log and accrued interest schedule, were sufficient to establish

---

[3] In its motion for default judgment, Plaintiff states that it does not seek to recover attorneys' fees associated with this action, *see* Dkt. No. 35-1 ¶ 9; Dkt. No. 35-7 at 9, and accordingly it has not submitted any attorney billing records.  As such, the Court does not award attorneys' fees.  *See, e.g.*, *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015) (The absence of contemporaneous records specifying, for each attorney, the date, the hours expended, and the nature of the work done, "precludes any fee award in all but the most extraordinary of circumstances.") (internal quotation marks and citation omitted); *see also Freedom Mortg. Corp. v. Wagner*, No. 23-cv-41, 2024 WL 3300268, at *3 (N.D.N.Y. July 2, 2024).

damages). Accordingly, the Court finds that Plaintiff is entitled to damages in the amount of $188,940.87.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 35, is **GRANTED**; and the Court further

**ORDERS** that judgment of foreclosure and sale be entered against Defendants; and the Court further

**ORDERS** that Plaintiff be awarded damages in the amount of $188,940.87, consisting of the unpaid principal balance, accrued interest, and late charges as of May 10, 2025; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, enter Judgment, and close the case.

**IT IS SO ORDERED.**

Dated: December 11, 2025
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge